SCHNEIDER GRANITE COMPANY v. GAST REAL-
TY & INVESTMENT COMPANY, Appellant.

SCHNEIDER GRANITE COMPANY, Appellant, v.
GAST REALTY & INVESTMENT COMPANY.

Four cases, numbered 16439, 16414, 19464 and 19465.

**In Banc, January 17, 1917.**

**SPECIAL TAXES: Street Improvement: Assessment According to Area
and Frontage: Severable.** Where the tax bills for a street improve-
ment separately state the amounts due under the front-foot rule,
as well as those due under the area rule, and the charter authorizes
a severable assessment, and the assessment based on the area with-
out requiring an equal depth of the assessment district is held to
be unequal taxation and therefore invalid, and the assessment ac-
cording to frontage is held to be valid, the judgment holding both
assessments valid will be reversed and the cause remanded with
directions to the trial court to enter up judgment for the amount
due based on the front-foot rule, with interest.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo
Grimm,* Judge.

REVERSED AND REMANDED (*with directions*).

*Holland, Rutledge & Lashly* and *David Goldsmith* for
appellant.

*Hickman P. Rodgers* and *Rodgers & Koerner* for re-
spondents.

WALKER, J.—Cases numbered 16439 and 16414 have
heretofore been heard and determined in Division Num-
ber Two, and the judgments of the trial court rendered
therein were affirmed. On error to the Supreme Court
of the United States there was a reversal of the judg-
ment rendered on former hearings on the ground that
the ordinance of the city of St. Louis there involved was

269 Mo.—36

invalid in providing for special assessments for street improvements based on the area of the property assessed without requiring an equal depth of the assessment district, thereby subjecting lot-owners having a greater depth of property than those adjoining them to unequal taxation. Upon the coming down of the mandate of the Supreme Court of the United States the cases above numbered were transferred to the Court in Banc, as well as cases numbered 19464 and 19465, in which the underlying ordinance and the taxing district were the same as in cases numbered 16439 and 16414. It is conceded by counsel for appellant that the rulings of the Supreme Court of the United States is determinative of cases 19464 and 19465, as well as cases 16439 and 16414, and that "the facts in all of the cases are the same, the depth of defendant's property the same and the alleged disproportionate taxation the same." Under these circumstances it follows that a like ruling is applicable here in all of these cases.

A reasonable construction of the ruling of the Supreme Court of the United States is that it is limited to a holding of the invalidity of the ordinance in question only so far as the latter concerns an assessment of property for street improvement based on the area rule.

In discussing the United States Supreme Court's opinion in Ruecking Const. Co. v. Withnell, (*ante*, p. 546), we reach a like conclusion.

The tax bills in the cases under review clearly define the amounts due under the front-foot rule, as well as the area rule, and state the respective amounts due under each.

Our conclusions reached in cases numbered 16439 and 16414 have not, except as stated, been questioned by the Supreme Court of the United States. Holding as we do that our rulings are applicable alike to all of these cases, there exists no reason or necessity for another hearing below of the matters at issue. That the tax for street improvement under the charter of the city of St. Louis is severable there can be no question (Collier

Est. v. West Pav. Co., 180 Mo. l. c. 375), and as the amounts due under each of the methods of taxation are separately stated in the tax bills, no difficulty can be encountered in determining the taxes due in each upon the frontage basis.

We therefore reverse and remand these cases with directions to the trial court to enter up judgment in each in the amounts heretofore found to be due based on the assessment under the front-foot rule, with interest thereon as authorized by section 25 of article 6 of the charter of the city of St. Louis, and it is so ordered. The original opinion rendered herein is modified only to distinguish the facts in regard to the status after the appeals to this court of the cases here determined and the motion for rehearing filed therein is overruled.

All concur except *Bond, Williams* and *Faris, JJ.,* not sitting.